# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKKI WHITESIDE, | Case No.  1:13-cv-1337-BAM |
| Plaintiff, | |
| v. | ORDER GRANTING ATTORNEY'S FEES |
| THE COMMISSIONER OF SOCIAL SECURITY, | (Doc. 18) |
| Defendant. | |

## I.      INTRODUCTION

Plaintiff's counsel, Denise Haley, Esq., filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b).[1] (Doc. 18.)   Vikki Whiteside ("Plaintiff") and the Commissioner of Social Security ("Defendant") were served with the motion.  (Doc. 18, pg.10). The motion advised Plaintiff that any objections must be filed with the Court within fourteen days. (Doc. 18, pg. 2). In keeping with the role resembling that of a trustee for Plaintiff, the Commissioner filed a response to Ms. Haley's motion.  (Doc. 20).  *See generally, Gisbrecht* v. Barnhart, 535 U.S. 789,

---

[1] The parties have consented to Magistrate Judge jurisdiction.  (*See*, Docs. 8 and 9).

1

798 n. 6 (2002).  Plaintiff did not file any objections.  For the reasons set forth below, the Motion for Attorney's Fees is GRANTED.

## II.   BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act. (Doc. 1.)  Based on a stipulation of the parties, on March 20, 2014, the court remanded the case for further proceedings.  (Doc. 15).  Subsequently, Plaintiff's counsel was awarded attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $1,900.00. (Doc. 17.)  Ms. Haley now seeks an award of attorney fees in the amount of $6,000.00 pursuant to 42 U.S.C. § 406(b).  In support of the motion, Ms. Haley filed evidence indicating that Plaintiff was awarded $48,664.92 in retroactive disability benefits. (Doc. 18, pg. 3; Doc. 18-3, pg. 2).  She is seeking 25% of the retroactive benefits awarded for attorney's fees.

## III.   DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants.  Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment,* and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits ....

42 U.S.C. § 406(b)(1)(A) (emphasis added).  "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142,

1147 (9th Cir.2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 789, 802.  However, the

Commissioner has standing to challenge the award, despite the fact that the Section 406(b)

attorney's fee award is not paid by the government. *Craig v. Sec 'y Dep't of Health & Human

Servs*., 864 F.2d 324, 328 (4th Cir.1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at

807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent

claimants while ensuring that the usually meager disability benefits received are not greatly

depleted. *Cotter v. Bowen,* 879 F.2d 359, 365 (8th Cir.1989), *abrogated on other grounds in

Gisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts

are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09

(Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead,

Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements).

"Within the 25 percent boundary ... the attorney for the successful claimant must show that the

fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d *at

1148* (holding that Section 406(b) "does not specify how courts should determine whether a

requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due

benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under §

406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' ... 'looking

first to the contingent-fee agreement, then testing it for reasonableness.' " *Crawford*, 586 F.3d at

1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified

several factors that may be considered in determining whether a fee award under a contingent-fee

agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the

representation; (2) the results achieved by the representative; (3) whether the attorney engaged in

1   dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the

2   benefits are large in comparison to the amount of time counsel spent on the case; and (5) the

3   attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent

4   cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807–08).

5

6         Here, Plaintiff and counsel have entered into a fee agreement that provides for attorney's

7   fees in the amount of 25% of the past-due benefits. (Doc. 18-1, pg.1).  The Court has considered

8   counsel's representation of Plaintiff and the results achieved by counsel.  Plaintiff's counsel

9   indicates she expended a total of 12.3 hours litigating Plaintiff's case and she seeks 12% of the

10  total amount of past-due benefits.  (See Doc. 18, pg. 3 and Doc. 18-4, pgs. 1-2).  There is no

11  indication that a reduction of the award is warranted due to any substandard performance by

12  counsel in this matter.  Counsel is an experienced attorney who secured a successful result for

13  Plaintiff.  There is also no evidence that Ms. Haley engaged in any dilatory conduct resulting in

14  excessive delay.  Thus, the $6,000.00 is not excessive in relation to the past-due award. *See*

15  *generally, Deardon v. the Comm'n of Soc. Sec.,* No. 1:12-cv-120-BAM, 2014 WL 6612036, at

16  *2 (E.D. Cal., Nov. 20, 2014) (granting attorney's fees pursuant to Section 406(b) in the amount

17  of $16,474.00)*; Taylor v. Astrue*, No. 1:06–cv–00957–SMS, 2011 WL 836740, at *2 (E.D. Cal.,

18  Mar.4, 2011) (granting attorney's fees pursuant to Section 406(b) in the amount of $20,960.00);

19  *Jamieson v. Astrue*, No. 1:09–cv–00490–LJO–DLB, 2011 WL 587096, at *2 (E.D. Cal., Feb.9,

20  2011) (recommending an award of attorney's fees pursuant to Section 406(b) in the amount of

21  $34,500.00).  In making this determination, the Court recognizes the contingent-fee nature of this

22  case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See*

23  *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D.Cal.2003) ("Because attorneys like Mr.

24  Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only

25

26

27

28

$450 in successful cases does not provide a basis for this court to lower the fee to avoid a windfall.").

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht,* 535 U.S. at 796.  Here, the Court ordered Plaintiff's counsel was entitled to EAJA fees in the amount of $1,900. 00. (Doc. 17).  However, these fees were taken by the Department of Treasury for payment of another federal debt Plaintiff owed.  (Doc. 18-7, pg. 1). Therefore, in this case, no offset should be reimbursed back to Plaintiff.

**IV.     CONCLUSION AND ORDER**

For the reasons stated above, the fees sought by Ms. Haley pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1. The Motion for Attorney's Fees pursuant to Section 406(b) in the amount of $6,000.00 is GRANTED; and

2. The Clerk of the Court is directed to serve this order on Plaintiff, Vikki Whiteside at P.O. Box 412, Midpines California 95345.


IT IS SO ORDERED.

Dated:   **June 10, 2015**              /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE